STATE, WILLIAM J. KURLEY ET AL., PROSECUTORS, v. PLAINFIELD FIRE DEPARTMENT.

1. Mere ministerial agents or officers of a corporation, employed *durante bene placito*, may be removed without any other cause than that the pleasure of those who appointed them is determined.

2. A fire engine company, under the statute, (*Pamph. L.*, 1854, *p.* 273,) is such an agent, and may be disbanded at the pleasure of the managers of the department.

On *certiorari* to review order of board of managers of the Plainfield Fire Department.

Argued at November Term, 1878, before Justices VAN SYCKEL, KNAPP and DIXON.

For the prosecutors, *R. V. Lindabury*.

For the defendant, *E. W. Runyon*.

The opinion of the court was delivered by

DIXON, J. The prosecutors were members of Engine Company No. 2, of the Plainfield Fire Department, and seek

a reversal of an order of the board of managers of the department disbanding the company.

It appears, by the return, that in June, 1878, the managers were dissatisfied with the conduct of the company in regard to the discipline of its members, and for this reason, after several interviews between the board and committees of the company, they ordered that the company be disbanded. Such a ground of complaint is not among those specified in the by-laws of the board for the government, trial and punishment of companies, and the matter must therefore be considered outside of the question of the duty of the board to conform its action to its own by-laws in cases to which they apply.

The Plainfield Fire Department is incorporated by a special act, approved March 3d, 1854, (*Pamph. L., p.* 273,) and thereby the active power of the corporation is vested in a board of managers, to which the charge of all the corporate property is committed. This board is authorized to raise and organize a company of firemen for each engine under its control, and the companies have the power to make by-laws for their regulation and government, subject to the approval of the managers.

The rights and duties of the companies are not further specified, but evidently they have no right of property or possession, as against the managers, in the apparatus intrusted to them, and are simply the agents of the corporation to use that apparatus for the corporate purposes. Nor are they employed for any set time; an abandonment of the service by every member of the company, at his will, would violate no contract. They are, then, mere ministerial agents, engaged *durante bene placito,* and as to such it is settled that they may be removed without any other cause than that the pleasure of those who appointed them is determined. *Ang. & Ames on Corp.,* § 426.

Whether, therefore, this company should longer exist was optional with the board of managers which had organized it. The engines and engine-houses were in the absolute control of the board, and to permanently withdraw these from the

charge of the company was, in itself, a disbandment of the company. This court can no more question by *certiorari* the propriety of such an act, than it can the discharge of a railroad engineer by the directors of the corporation.

The writ should be dismissed, with costs.